182

(No. A 214200—Decided September 18, 1968.)

Common Pleas Court of Hamilton County.

*Mr. Donald Guy Montfort*, for plaintiff.
*Messrs. Tischbein & McDaniel*, for defendant.

WOOD, J.   This matter came before the court on summary judgment filed by both the plaintiff and defendant. The facts are not in dispute.

Briefly, the pertinent facts of this case are that The Elberon Bldg. & Loan Assn., hereinafter referred to as

the defendant, entered into a mortgage agreement with Robert and Ruby Lay on certain property which the Lays had purchased from the plaintiff, John Procaccino, now deceased. Reviver action was filed and for simplicity sake the estate of John Procaccino will hereinafter be referred to as the plaintiff.

On the day of purchase, July 7, 1961, plaintiff signed a letter of guaranty at defendant's request, which guaranty was drawn by the defendant, whereby plaintiff deposited with the defendant savings account No. 14097, the sum of $2400.00, which with all the accrued interest thereon was to be used to reduce the interest and principal of the mortgage to $7100.00. In the event of default by Robert and Ruby Lay, the guaranty provided in part;

"In the event * * * Lay shall not pay * * * $2400.00 and all accrued interest due on said mortgage loan and it is *necessary to foreclose the said mortgage loan or otherwise dispose of said property*, I agree and hereby unconditionally authorize * * * to deduct from my savings account * * *." And signed by John Procaccino.

On June 1, 1964, defendant filed a foreclosure suit against the principal obligor, Lay. On June 5, 1964, the defendant received a warranty deed to the property from the obligors, Robert and Ruby Lay. On June 25, 1964, the defendant closed the account of the plaintiff and removed the funds. On September 14, 1964, the foreclosure suit against the Lays was dismissed by the defendant. On December 4, 1964, the defendant sold the said property to a third party. All of these transactions occurred without the knowledge of the plaintiff.

We can resolve the first part of the argument by simply stating that the foreclosure was never consummated. The mere filing of a suit does not constitute a foreclosure, and the facts are undisputed that the defendant removed said funds while the foreclosure suit was still pending and subsequently dismissed said suit.

The next question for the court to consider is the statement: "or otherwise dispose of the property."

Did the defendant dispose of the property when they

took the deed from Robert and Ruby Lay? It is the feeling of this court that they did not dispose of the property until December 4, 1964, at which time they sold it to a third party after they had removed the funds from the plaintiff's saving account. Furthermore, they afforded the plaintiff no opportunity to purchase said real estate at the highest price since they had already removed the $2400.00 plus interest from the plaintiff's account.

The court might further add that there is no evidence from the affidavits that this property had in anyway deteriorated and it seems ridiculous and unequitable that property in the year 1961 sold for the price of $9500.00 and that the defendant could see fit to sell it in the year 1964 for $3000.00 less, or the sum of $6500.00.

In *Blanten* v. *Security Savings Assn.*, 14 Ohio Law Abs. 111, the court states as follows in the first paragraph of the syllabus:

"A mortgagee who holds a mortgage on real property and also a pledge of collateral to secure an indebtedness and who after bringing an action to foreclose the mortgage accepts a deed of the real property instead of pursuing the foreclosure action, will be presumed to have accepted the property at a value equal to the mortgage indebtedness."

In paragraph 2 of the syllabus, it reads:

"Collateral security held by a mortgagee of real property as further security for the mortgage indebtedness is released by the discharge of the indebtedeness."

Therefore, it is the opinion of this court that the only just remedy under the principles of equity and under the ruling case law in the state of Ohio, is to grant the summary judgment in favor of the plaintiff and to dismiss the motion for summary judgment filed the defendant.